**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAIME MEDINA** | ) | |
| | ) | |
| v. | ) | 3-05-CV-1469-P |
| | ) | |
| **DOUGLAS DRETKE, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of murder as alleged in the indictment returned in Cause No. F-015300-VK Petitioner was tried by a jury at the conclusion of which the jury found him guilty and assessed punishment at 35 years imprisonment.

Medina appealed his conviction and on April 9, 2004, the Sixth Court of Appeals at

Texarkana affirmed his conviction. His petition for discretionary review was refused by the Texas Court of Criminal Appeals on July 28, 2004. On June 3, 2005, Medina filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure. On July 13, 2005, the Court of Criminal Appeals denied his application without written order. Thereafter Medina filed his § 2254 petition in the present action.

**Findings and Conclusions**: Review of Medina's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his § 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under § 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under § 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 1495, 1521 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 421 (2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Where state habeas relief is denied without an opinion, the AEDPA inquiry is not altered.

*See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154, 124 S. Ct. 1156 (2004).  In such a situation, a federal court: "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was contrary to or an objectively unreasonable application of that law." *Id*.  (citations omitted).

In his sole ground for relief Medina alleges that the prosecutors engaged in misconduct which deprived him of due process of law which rendered his trial unfair.  In order to prove a cognizable claim for federal habeas corpus relief predicated on prosecutorial misconduct, a petitioner must demonstrate that the complained of conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 178, 183, 106 S.Ct. 2462, 2470-2472 (1986).

Specifically Petitioner claims that the State introduced evidence of an extraneous offense, the murder of Sebastian Pinales, through the testimony of two of the prosecution's witnesses and that in her closing argument the prosecutor again implied that he was guilty or responsible for the death of Mr. Pinales.

At issue is the testimony of Miroslava (Mary) Lua and that of Rosemary Coronado.  Ms. Lua was living with Mr. Pinales at the time the decedent, Javiar Gonzales, was murdered.  Ms. Coronado was the mother of Pinales and lived in the adjoining duplex to the residence in which Gonzales was murdered.

The evidence by the prosecution is summarized in the respective direct appeal briefs of the parties.  *See* Appellant's brief at pages 2-7; Appellee's brief at pages 1-5; *see also* Respondent's answer at pages 2-6.  As a point of error on appeal Petitioner contended that the evidence was

3

insufficient to sustain the jury's guilty verdict. In addressing the issue the Sixth Court of Appeals noted that both Ms. Lua and Ms. Coronado told investigating officers who arrived at the scene shortly after the murder that they had seen nothing. No. 06-03-00143-CR, opinion filed on April 9, 2004, at 5. However, at trial each testified to facts establishing Medina as the shooter. *Id.* In disposing of this point of error the court concluded that the inconsistencies between these witnesses' statements to police officers and their trial testimony raised issues of credibility which were reserved to the province of the jury. *Id.* at 6.

The focus of Medina's petition is the testimony of Ms. Lua and Ms. Coronado in which the prosecutor elicited their reasons for having lied to the police when initially questioned.

In the case of Ms. Lua, she admitted that she had told the police that she knew nothing when initially interviewed because she was fearful that she would lose her baby and because of her own fear. *See* Reporter's Record, Vol. 3 at 90-91. She also admitted that she had not wanted to testify. *Id.* at 95. However, she gave a statement to law enforcement officers from Ellis County, which was consistent in part with her trial testimony, after viewing a photograph of Sebastian Pinales's corpse, following his murder in early 2002. *Id.* 96-97.

Petitioner argues that her testimony with regard to the fact of Pinales's murder was elicited by the prosecution to connect him to an extraneous offense for which he was not indicted. The only statement made by Lua relating to Pinales's murder is "They burned him." (Vol. 3 at 97).

In the case of Ms. Coronado, she admitted that she didn't tell the police what she knew because she was fearful for the lives of her family. Asserting that her trial testimony was truthful, she explained her motivation, noting that the murder of her own son was unsolved, and in sympathy for the deceased's mother, she was testifying to insure that Petitioner was held responsible for his

4

death. *See* Reporter's Record, Vol. 3 at 107-108. She reiterated this motivation (her state of mind) when questioned by Petitioner's trial attorney. *Id.* at 116. Despite Petitioner's contention to the contrary, Ms. Coronado's testimony did not constitute evidence that he participated in the murder of Sebastian Pinales.

In the State's opening argument in the guilt-innocence phase the prosecutor merely reiterated Ms. Coronado's motivation in testifying as a witness to Javier Gonzales's murder. *See* Reporter's Record, Vol. 4 at 88.

Given the fact that these two witnesses had previously given false statements to investigating officers, the prosecution was entitled to buttress the credibility of their trial testimony by eliciting from them why they had been untruthful initially and their reasons for subsequently disclosing their actual knowledge of the events on the night that Javier Gonzales was murdered. Further, the State's argument was a fair comment on the evidence presented and was neither improper nor violative of Medina's due process rights.

Moreover, even were this court to disagree with the Texas Court of Criminal Appeals' determination of the merits of Petitioner's art. 11.07 application, relief is unavailable absent a finding that the court's decision was an unreasonable determination of the facts in light of the evidence. § 2254(d)(2). Even in the light most favorable to Medina's contentions it is clear that the references to Sebastian Pinales's murder were at best ambiguous, and therefore it cannot be said that the Court of Criminal Appeals' determination was unreasonable.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied.

A copy of this recommendation shall be transmitted to Petitioner and counsel for

Respondent.

SIGNED this 21st day of April, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.